10-1620-ag
Chen v. Holder

BIA
Morace, IJ
A099 939 752

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

———————————————————————————————

MIN HUI CHEN,
> *Petitioner,*

     v.                              10-1620-ag
                                         NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————————

FOR PETITIONER:       Corey Lee, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Min Hui Chen, a native and citizen of the People's Republic of China, seeks review of an April 2, 2010, order of the BIA affirming the August 18, 2008, decision of Immigration Judge ("IJ") Philip Morace, denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Minhui Chen* No. A099 939 752 (BIA Apr. 2, 2010), *aff'g* No. A099 939 752 (Immig. Ct. N.Y. City Aug. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005); *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir. 2008).

2

Because Chen has challenged only purely factual determinations and the agency's exercise of discretion in pretermitting her asylum application, we lack jurisdiction to review that claim and dismiss her petition for review to the extent it challenges the pretermission of her asylum application. *See* 8 U.S.C. § 1158(a)(3); *See also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 326-27 (2d Cir. 2006); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006). Chen's argument that her change in personal circumstances constituted an exception to the one year filing deadline is unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007) (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

We deny the petition for review to the extent Chen challenges the agency's denial of withholding of removal and CAT relief. Substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Under the REAL ID Act, which applies to Chen's application for relief, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes

3

that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167; *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007) (finding that "the REAL ID Act no longer requires the trier of fact to find a nexus between inconsistencies and the 'heart of the claim'"). The IJ reasonably found Chen not credible based on: (1) her inconsistent testimony regarding her travel from China to the United States; (2) a discrepancy between the date on her wedding photograph and her testimony that she did not meet her husband until after that date; (3) Chen's implausible testimony regarding her release from detention in China; and (4) Chen's implausible testimony regarding her practice of Falun Gong in the United States. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (stating that so long as an IJ's finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," the Court will not disturb the inherent implausibility finding). We further find no error in the IJ's refusal to credit Chen's explanations for the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

4

Because Chen's claims were all based on the same factual predicate, the agency's adverse credibility determination was a proper basis for denial of both her applications for withholding of removal and CAT relief. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5